## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**LUIS ANIBAL RAMOS-GONZALEZ, <u>et al.</u>,**

**Plaintiffs,**

**v.**                                                    **CIVIL NO. 14-1749 (PAD)**

**FIRST BANK OF PUERTO RICO, <u>et al.</u>,**

**Defendants.**

## OPINION AND ORDER

Delgado Hernández, District Judge.

Luis Ramos González, Solyary Pizarro, their conjugal partnership, and Eliseo Morales Nieves initiated this action against First Bank and Banco Popular for alleged violations of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2601-2617; 38 C.F.R. § 36; and Puerto Rico law.  Before the court is Banco Popular's motion to dismiss (Docket No. 23), which plaintiffs opposed (Docket No. 31).  Banco Popular replied (Docket No. 34).  For the reasons below, the motion is GRANTED, and the case against Banco Popular DISMISSED.

## I.       BACKGROUND

Ramos and Morales each purchased a residential property in Río Grande, Puerto Rico. First Bank financed Ramos' purchase, whereas Morales' was financed by Banco Popular.  The Department of Veteran's Affairs structured and guaranteed the loans (Docket No. 1 at ¶¶ 7-9). Multiple title, land and functional problems followed, leading plaintiffs to sue the project developer, First Bank and Banco Popular in state court with the request that the deeds and mortgages be declared null for breach of contract, construction defects, and fraud.  In addition,

they ceased making payments on the loans, and informed credit agencies of the action.  Id. at ¶¶

10-17.

First Bank and Banco Popular reported the accounts as delinquent to credit agencies, which

negatively affected plaintiffs' credit ratings and prevented them from having access to credit and

loans.  Id. at ¶¶ 18-24.  In consequence, plaintiffs complain that First Bank and Banco Popular (1)

failed to protect their credit rating in violation of RESPA; (2) infringed 38 CFR § 36; and (3) are

liable for damages resulting from willful and or negligent acts and omissions under Article 1802

of the Puerto Rico Civil Code, P.R. Laws Ann. § 5141.  Banco Popular contends the case should

be dismissed under Fed. R. Civ. P. 12(b)(6).[1]

## II.    STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief.

Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-

Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490

F.3d 92, 95 (1st Cir. 2007).  Plausibility involves a context-specific task calling on courts to

examine the complaint as a whole, separating factual allegations (which must be accepted as true)

from conclusory allegations (which need not be credited).  García-Catalán v. United States, 734

F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

All reasonable inferences from well-pleaded facts must be drawn in the pleader's favor.

Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán, 734 F.3d at 102-

103.  If, so construed, the combined allegations plead facts enough to nudge the claim across the

---

[1]  From the pleadings, the only loan linked to Banco Popular is Morales' loan.  Even so, in asserting their claims plaintiffs made no attempt to distinguish between Banco Popular and First Bank as individualized sources of liability. On that basis, the court assumes that all of the plaintiffs seek to find Banco Popular liable on each of the causes of action in this case.

line from conceivable to plausible, the case should not be dismissed under Fed. R. Civ. P. 12(b)(6).

Threadbare recitals of the elements of a cause of action do not suffice to state a claim.  Sánchez v.

Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009).

## III.    DISCUSSION

### A.  RESPA Claims

Plaintiffs fault defendants for not protecting their credit rating during a payment dispute

period in violation of RESPA (Docket No. 1 at ¶ 20).  Congress enacted RESPA in 1974 to regulate

real estate settlement processes.  Its essential purpose is to provide consumers with greater

information and to protect them from certain abusive practices.  First Federal Sav. and Loan Ass'n

of Boston v. Greenwald, 591 F.2d 417, 421 n. 5 (1st Cir. 1979).  To that end, servicers must refrain

from providing information regarding overdue loan payments to consumer reporting agencies

during a 60-day period after receiving a borrower's qualified written request.   12 U.S.C. §

2605(e)(3).

A qualified written request is a request for information related to loan servicing, like the

outstanding amount due or the interest rate.  López v. U.S. Bank National Association, 2010 WL

3463622, * 1 (S.D. Cal. August 31, 2010).  It may be used to challenge the amount due or try to

correct an error by the loan servicer.  Id.  Thus, the request must include, or otherwise reasonably

enable the servicer to identify, the name and account of the borrower, and must contain either a

statement of reasons for the borrower's belief that the account is in error or provide sufficient detail

for the servicer to know what information the borrower seeks.  12 U.S.C. § 2605(e)(1)(B).

After receiving the request, a servicer must acknowledge its receipt within 20 days, and if

the servicer identifies an error in the account, make appropriate corrections to the borrower's

account and notify the borrower of the correction in writing within 60 days.  Id. at §§ 2605(e)(1)(A)

Ramos-González *et al* v. First Bank Puerto Rico *et al*,
Civil No. 14-1749 (PAD)
Opinion and Order
Page 4

and 2605(e)(2). If the servicer determines that the account is not in error, it must provide the borrower with a written explanation or clarification stating the reasons why the servicer believes the borrower's account is correct. Id. at § 2605(e)(2)(B). If the request pertains to a request for information, the servicer must either provide the information to the borrower or explain by such information is unavailable. Id. at § 2605(e)(2)(C).

Plaintiffs have not stated a claim under RESPA against Banco Popular. They did not include facts sufficient to support the inference that they sent Banco Popular anything resembling a qualified written request. Even though they refer to a complaint filed in state court, that complaint – as described in the pleadings here – cannot be construed as a qualified written request. It may identify Banco Popular as a loan servicer, but it is not alleged to include the name and account of the borrower, nor a statement of the reasons for the belief of the borrower that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower making the request. Id. at § 2605(e)(1)(B).

On another level, the complaint filed in state court requests a finding of nullity and/or resolution of the deeds and mortgages. As such, it falls beyond the scope of statutory coverage. The duty to investigate and respond to qualified written requests within the 60-day "protection period" relates to loan servicing. RESPA defines the term "servicing" to encompass only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts …, and making the payments of principal and interest and such other payments." Id. at § 2605(i)(3). So defined, servicing does not include the transactions and circumstances surrounding a loan's origination – facts that would be relevant to challenge the validity of the underlying debt or the terms of a loan agreement. Medrano v. Flagstar Bank, 704

F.3d 661, 666-667 (9th Cir. 2012). Those events precede the service's role in receiving the borrower's payments.  Id.

With that in mind, there is a distinction between loan servicing disputes and those regarding the borrower's contractual relationship with the lender.  Hence, challenges to a loan's validity or its terms are not considered qualified written requests under Section 2605(e).  See, Menashe v. Bank of New York, 850 F.Supp.2d 1120, 1130 (D.Haw. 2012)(stating that requests regarding the validity of loan and mortgage documents are not qualified written requests); Sipe v. Countrywide Bank, 690 F.Supp.2d 1141, 1154 (E.D.Cal. 2010)(holding that a demand for rescission of the loan agreement does not relate to servicing under Section 2605(e)); Consumer Solutions REO, LLC. v. Hillery, 658 F.Supp.2d 1002, 1014 (N.D.Cal. 2009)(concluding that a qualified written request must address the servicing of the loan, and not its validity); MorEquity Inc. v. Naeem, 118 F.Supp.2d 885, 900-901 (N.D.Ill. 2000)(noting that "[t]he counterclaim alleges [that the request alleged] a forced deed, and irregularities with respect to the recording of the two loans, but [made] no claim with respect to improper servicing" and therefore dismissing claim under Section 2605(e)); Medrano, 704 F.3d at 667 (challenge to loan's validity is not a request that gives rise to a duty to respond under Section 2605(e)).  As in those cases, the request for a finding of nullity made in state court and on which plaintiffs predicate their payment dispute falls beyond RESPA's scope.

Finally, the pleadings fail to allege when the purported qualified written request was sent to and received by Banco Popular, and when the negative reporting occurred.  However, these elements are critical to a showing of whether information regarding allegedly overdue loan payments could have been released to consumer reporting agencies under 12 U.S.C. § 2605(e)(3). See, Urbano v. Bank of America, N.A., 2012 WL 2934154, *11 (E.D.Cal. July 18, 2012)(finding

that plaintiff failed to state a viable claim under RESPA where he failed to allege "facts with respect to this violation, such as when the reporting occurred, to which agencies the reporting was made, or whether information regarding an overdue payment was included in such a report"); Walker v. Equity 1 Lenders Group, 2009 WL 1364430, *5 (S.D.Cal. May 14, 2009)("The Complaint does not otherwise allege facts to support that plaintiff sent a qualified written request"); López, 2010 WL 3463622 at *2 (stating that plaintiff "does not allege when she sent the [qualified written request], to whom, or what she asked for, and for these reasons fails to state a claim under RESPA").  Therefore, plaintiffs' RESPA claim against Banco Popular must be dismissed.

B.  38 C.F.R. § 36

Plaintiffs invoke 38 C.F.R. § 36.  The provision was promulgated by the Department of Veteran's Affairs under 38 U.S.C. § 501 in connection with the Department's loan guarantees.  In plaintiffs' view, Banco Popular infringed it by not providing them with "special servicing approaches" prior to reporting the loan as delinquent to the credit agencies.  Yet they fail to specify which "special servicing approaches" they are entitled to.  What is more, they lack an express or implied right of action in federal court to enforce duties the Veterans Administration or lenders may have pursuant to the Department's publications.  Simpson v. Cleland, 640 F.2d 1354, 1359-1360 (D.C. Cir. 1981).  Accordingly, the claim must be dismissed.

C.  State Claims

Federal courts may decline to exercise supplemental jurisdiction over a plaintiff's state claims when the federal claims that gave it original jurisdiction are dismissed.  See, 28 U.S.C. § 1367(c)(3)(so specifying).  Because the federal claims against Banco Popular will be dismissed, the remaining state claims must be dismissed, albeit without prejudice.  Rivera-Díaz v. Humana

Civil No. 14-1749 (PAD)
Opinion and Order
Page 7

Insurance of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014); Martínez v. Colón, 54 F.3d 980,

990 (1st Cir. 1995), cert. denied 516 U.S. 987 (1995).

## IV.    CONCLUSION

In view of the foregoing, Banco Popular's "Partial Motion to Dismiss as to Banco Popular

de Puerto Rico" (Docket No. 23) is GRANTED.  The federal claims against Banco Popular are

dismissed with prejudice, whereas the state claims are dismissed without prejudice.  Partial

judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of October, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge